Argued November 4, affirmed November 30, 1966

# JAMES *v.* JAMES
420 P. 2d 635

*Richard E. Kingsley,* Lebanon, argued the cause for appellant. On the brief were Morley, Thomas, Orona & Kingsley, Lebanon.

*Robert G. Danielson,* Sweet Home, argued the cause for respondent. On the brief were McFarlan & Danielson, Sweet Home.

Before MCALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and REDDING, Justices.

REDDING, J. (Pro Tempore).

The defendant appeals from the denial of her motion to modify that part of a decree of divorce which awarded the custody of the two minor children of the parties, two boys two and four years of age, to the plaintiff father.

Defendant contends that the trial court erred (1) in not finding that it would be in the best interest of the children that their care, custody and control be given to her, and (2) in ignoring the uncontroverted record that at the time of and for some time prior to the hearing the defendant mother had been leading an exemplary life.

The plaintiff father, being unable to personally care for the children awarded to him, placed them with the defendant's mother immediately following the divorce. He has since paid the maternal grandmother monthly for their support. Defendant has been living in the home of her parents and has shared in the care of the children in the mother's home. Defendant alleges that she has been directly concerned with the upbringing, discipline and welfare of the children, to which she claims she has applied herself diligently. She further asserts that her conduct has reformed and urges that by virtue of said reformation, prior acts of indiscretion on her part should not be grounds for now denying her the custody of her children where the evidence establishes, according to her, that she is presently a good, dutiful, attentive and loving mother.

The motion for change of custody was filed March 14, 1966, less than six months after the decree of divorce. Defendant admits that until February 3, 1966, less than two months before filing her motion for modification, she continued to see the young, unmar-

ried man with whom she had had an affair prior to the divorce.

The defendant does not here contend (indeed, she could not so contend in this proceeding) that the court erred in awarding to the plaintiff father custody of the two minor children of the parties. The defendant makes no contention that the children are not presently receiving proper care. Rather, she asserts that by virtue of her alleged reformation she has become a fit and proper person to have custody and that as their mother she should be awarded such custody.

The defendant's alleged reformation is to be commended and we hope that this claimed reform is well founded and will prove to be permanent. From the record we assume the trial judge concluded that the period of claimed reformation, if true, was much, much too short to warrant a change in custody under the circumstances. With this conclusion we agree.

We hold that defendant's motion was properly denied.

Affirmed.